STATE of Minnesota, Respondent,

v.

Jayme Scott LYNNE, Appellant.

No. C1–85–74.

Court of Appeals of Minnesota.

Nov. 19, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Paige M. Snover, Asst. Co. Atty., Granite Falls, for respondent.

Allan S. Anderson, Granite Falls, for appellant.

Heard, considered and decided by RANDALL, P.J., and PARKER and SEDGWICK, JJ.

## OPINION

PARKER, Judge.

Following a jury trial, the appellant was found guilty of disobeying a stop sign. The appellant moved for a new trial on the grounds that he had regained his memory since the trial date and had discovered new evidence. The trial court denied appellant's motion for a new trial and entered judgment. We affirm.

## FACTS

Appellant Jayme Lynne was convicted of failure to stop at a stop sign located at the intersection of county road 11 and trunk highway 67. Lynne was proceeding south on county road 11. At approximately 4:00

p.m. on a clear, sunny day, Lynne was involved in an auto accident with a car traveling east on trunk highway 67. Although the investigating officers had some difficulty identifying the precise point of impact, the accident took place near the middle of the intersection. Lynne was alone at the time of the accident. The second car was driven by John Meyer who was accompanied by his wife, Mary, and three minor children.

At the trial, Lynne stated that he could not remember whether he stopped at the stop sign or not. John Meyer testified that he did not see Lynne's car until a moment before impact when his wife said, "Look, he is not going to stop." Mary Meyer testified that she saw Lynne's car two or three seconds prior to impact.

The prosecution's third witness, Michael Alexander, was a salesman for a pharmaceutical firm who was driving approximately 150 yards behind the Meyers' car. Alexander testified that he saw Lynne's car going south at 55 m.p.h. on county road 11. He testified that he had Lynne's car in view prior to the accident, and saw it enter the intersection without slowing down and hit the Meyers' car.

After the trial, Lynne made a motion for a new trial on the grounds that he had recovered his memory and now remembered a large "shop in Dawson" sign that was in the northwest corner of the intersection. Lynne testified at the hearing on his motion for a new trial that he now remembered stopping in front of the sign to pick up a waste basket that had fallen on the floor of his vehicle. He also testified that he looked both ways before proceeding into the intersection. Lynne alleges in his brief that the "shop in Dawson" sign created a "blind" spot which hid his vehicle from traffic travelling east on highway 67.

The sign was evidently removed sometime after the accident, although it was clearly visible in several photographic exhibits that were introduced in evidence at the trial. The prosecutor had informed counsel for the appellant that the photographs of the accident scene were available

for review by letters dated July 10 and November 7, 1984.

### ISSUE

Is the appellant entitled to a new trial based upon newly discovered evidence?

### DISCUSSION

The standard of review on this appeal is a narrow one:

> The decision of a trial court on a motion for new trial will not be disturbed on appeal except upon a showing of a clear abuse of discretion. It must be shown that newly discovered evidence would materially affect the result and could not have been discovered before trial by due diligence.

*State v. Meldahl,* 310 Minn. 136, 138, 245 N.W.2d 252, 253 (1976).

■ In its order denying Lynne's motion to vacate judgment, the trial court found that counsel for the appellant had full notice of the presence of the "shop in Dawson" sign as a result of the police photographs that were received in evidence. Counsel for the appellant was first informed of the existence of the photographs in writing by letter dated July 10, 1984. Nevertheless, counsel did not cross-examine the witnesses about the sign when the pictures were received in evidence at the trial in November. Because pictures portraying the sign were available to the appellant three months prior to trial, the sign does not qualify as newly discovered evidence which could not have been discovered by due diligence.

■ The trial court also held that neither the "shop in Dawson" sign nor the return of Lynne's memory were evidence likely to change the verdict of the jury. The trial court's finding is supported by the testimony of independent eyewitness Alexander who stated that Lynne did not slow down as he entered the intersection.

At the post-trial hearing Lynne testified to a completely new version of the accident based on his regained memory. He stated

that he had stopped his vehicle and pulled over by the "shop in Dawson" sign to pick up a waste basket that had tipped over in his vehicle. Lynne said that he read the sign and looked both ways before pulling into the intersection. The prosecutor pointed out that Lynne's testimony was completely implausible, since a person traveling south on county road 11 could only see the back of the sign which had no writing on it. Her impeachment of Lynne's testimony is clearly supported by the photographic exhibits.

Finally, the appellant cites no credible medical evidence that he ever had amnesia. He merely submits affidavits by two physicians indicating that amnesia and subsequent recovery of memory is possible following an auto accident. There is no evidence Lynne was ever examined or treated for amnesia.

## DECISION

The trial court did not abuse its discretion in denying appellant's motion for a new trial.

Affirmed.